BAO M. VU, Bar No. 277970
STOEL RIVES LLP
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Telephone: 415.617.8900
Facsimile: 415.617.8907
Email: bao.vu@stoel.com

MICHELLE J. ROSALES, Bar No. 343519
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781
Email: michelle.rosales@stoel.com

*Attorneys for Defendant Steven Hoffman*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRECERO TECHNOLOGIES, INC. (formerly known as Newt Corporation), a Canadian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN HOFFMAN, an individual, DAVID THOMPSON, an individual, VALERIA RAIGORODSKAIA and DOES 1-20,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441 AND 1446 ON GROUNDS (DIVERSITY JURISDICTION)** |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Steven Hoffman ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction, pursuant to 28 U.S.C. § 1332, to effect the removal of the above-captioned action. The action was commenced in the Superior Court of the State of California for the County of Orange, and Defendant states that the removal is proper on the following grounds:

## I.   STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action based on diversity pursuant to 28 U.S.C. § 1332. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and complete diversity. Further, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II.   VENUE

2. This action is now pending in Superior Court of the State of California, County of Orange, and thus may be properly removed to the United States District Court for the Central District of California, sitting in Santa Ana, pursuant to 28 U.S.C. § 1441(a).

## III.   PROCEDURAL HISTORY

3. This lawsuit arises out of Defendant's former position as an officer and minority shareholder of Crecero Technologies, Inc. ("Plaintiff"). On August 14, 2024, Plaintiff filed a Complaint in the Superior Court of the State of California in and for the County of Orange styled *Crecero Technologies, Inc. v. Steven Hoffmann, et al.,* Case No. 30-2024-01419363-CU-FR-CJC ("Complaint"). The Complaint alleges the following causes of action: 1) Breach of Fiduciary Duty; 2) Fraudulent Concealment; 3) Conversion; and 4) Unjust Enrichment. *See* Declaration of Bao M. Vu ("Vu Decl."), ¶ 2.

4. To Defendant's knowledge, Defendants Valeria Raigorodskaia and David Thompson have not accepted service and have not been served with Plaintiff's Summons and Complaint.

5. DOES 1 through 20 of Plaintiff's Complaint are unnamed and unknown, and to Defendant's knowledge, have not been served with Plaintiff's Summons and Complaint.

6. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Summons, Complaint, and other related documents filed by Plaintiff in the Superior Court of the State of California, County of Orange, are attached as Exhibits 1 through 18 to the Declaration of Bao Vu filed concurrently herein, and constitute all process, pleadings, and orders known by Defendant to exist in this action. Defendant is informed and believes that these Exhibits constitute the operative pleadings in the state court case file in this matter.

## IV. TIMELINESS OF REMOVAL AND CONSENT

7. Removal of a case to federal court is governed in part by 28 U.S.C section 1441, which generally allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise[.]" The 30-day removal period is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

8. This petition is filed within thirty (30) days after Defendant was served with the Summons and Complaint. Specifically, on February 6, 2025, service was deemed complete. Vu Decl., ¶¶ 3, 5, Exs. 17-18.

## V. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

9. The Court has original jurisdiction of this action under 28 U.S.C. § 1332, and Defendant may remove it from state court to federal court pursuant to 28 U.S.C. § 1441(a), because this action involves a controversy that exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between citizens of different states.

10. **Plaintiff's Citizenship**. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. As seen through its 2024 Statement of Information filed with the California Secretary of State, Plaintiff is a foreign corporation incorporated in Canada with its principal place of business in California.

11. Attached as Exhibit 19 (Vu Decl., Ex. 19) is Plaintiff's Statement of Information filed with the California Secretary of State on August 13, 2024. Therefore, Plaintiff is, and at all times since the commencement of this action has been, a citizen of Canada and California for diversity purposes.

12. **Defendants' Citizenship**. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). At the time of the filing of this action, Defendant Steven Hoffman was a citizen and resident of the State of Nevada. Defendant Hoffman is now a citizen of the State of Florida. Neither Defendant Valeria Raigorodskaia nor Defendant David Thompson are residents or citizens of the State of California.

13. **Doe Defendants**. Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a

removal petition). Thus, the existence of DOE defendants in this case does not deprive this court of jurisdiction.

Accordingly, pursuant to 28 U.S.C. § 1332(c), there is complete diversity.

14. **Amount in Controversy**. In this case, Plaintiff in its prayer stated that damages were to be proven at trial, but are purportedly "believed to be no less than $3 million, plus prejudgment interest, and for punitive damages." An action may be removed if the defendant establishes, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007). To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the defendant must establish that it is "more likely than not" that the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co., supra,* 102 F.3d at 404.

In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorney's fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963 (punitive damages must be taken into account where recoverable under state law); *Conrad Associates v. Hartford Acc. & Ind. Co.,* 994 F.Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

15. **Consent**. Pursuant to 28 U.S.C. § 1446(b)(2), all Defendants that have been served consent to Removal.

## VI.  JURY DEMAND

16. Under Fed. R. Civ. Proc. 38 and Local Rules 38-1, 38-2, Defendant demands a trial by jury of all issues raised in the Plaintiff's Complaint that are triable

by jury, as is their right under the Seventh Amendment to the Constitution of the United States and as given by statute.

## VII. SERVICE OF NOTICE OF REMOVAL

17. Concurrent with the filing of this Notice of Removal, Defendant will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Superior Court of the State of California for the County of Orange as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Orange, to the United States District for the Central District of California.

DATED: February 7, 2025

STOEL RIVES LLP

_____
BAO M. VU
bao.vu@stoel.com
MICHELLE J. ROSALES
michelle.rosales@stoel.com
*Attorneys for Defendant Steven Hoffman*